# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00109-CV

**Rosa E. Santis and Rosa Santis, Appellants**

**v.**

**Travis Central Appraisal District, Appellee**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-004778, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellants filed their notice of appeal on February 21, 2019, purporting to appeal from the trial court's "denial by operation of law of Plaintiff's Motion for New Trial." The denial of a motion for new trial, however, is not independently appealable. *Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 Tex. App. LEXIS 10163, at *2 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (mem. op.). In this case, the final judgment was signed on November 13, 2018. Because appellants timely filed their motion for new trial, the notice of appeal from the final judgment was due to be filed on or before February 11, 2019. *See* Tex. R. App. P. 26.1(a)(1) (requiring notice of appeal to be filed within 90 days after judgment is signed if party timely files motion for new trial).

On June 17, 2019, the Clerk of this Court notified appellants that their notice of appeal was not timely filed but that it was filed within the fifteen-day period in which Rule

26.3(a) permits parties to file a motion for extension of time to file their notice of appeal. *See* R. 26.3(a). The Clerk further explained that this Court may imply a motion for extension of time in this circumstance but that appellants were required to reasonably explain the need for an extension. *In re K.M.Z.*, 178 S.W.3d 432, 433 (Tex. App.—Fort Worth 2005, no pet.) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)) ("Following an implied motion for extension of time, it is an appellant's burden to establish a reasonable explanation . . . for the needed extension."). The Clerk requested that appellants file a response on or before June 28, 2019, that explained why an extension of time was needed to file the notice of appeal and notified appellants that the failure to do so would result in the dismissal of this appeal. To date, appellants have not filed a response. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), (c).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed: July 9, 2019

2